No. 6169.

# STATE EX REL. CHESTER F. KNOLL, ET AL., vs. J. B. LEVERT.

## Syllabus.

Where it is the duty of an officer to call a meeting of the stockholders of a corporation a writ of mandamus is property directed to him to compel the performance of that duty, and not to the corporation itself of which nothing is demanded.

Appeal from the Civil District Court, for the Parish of Orleans, Division "B," No. 108,212. Hon. F. D. King, Judge.

Woodville & Woodville, for plaintiff and appellee.

Borah & Bloch, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The charter of the Shirley Planting Company provides that the annual meeting of its stockholders for the election of directors, etc., shall be held on the first Monday in March, 1914, and annually thereafter. The plaintiffs, owning and representing more than two-thirds of the stock of the Company, are seeking by mandamus to compel the calling and convening of such annual meeting of stockholders. They allege and have proved that they sought to have convoked the regular annual meeting on the first Monday in March, 1914, notifying the secretary of the company, as well as the defendant, who is its president, that they desired to hold and would attend such meeting; that on said day they presented themselves at the company's office for said purpose, but that the defendant, who personally occupies said offices jointly with the company, refused to hold or to permit the holding of said

— 345 —

meeting and still persists in such refusal, notwithstanding that repeated demands have been made that the annual meeting of stockholders should be held.

An exception to the effect that defendant should have been cited as president of the company and not personally was properly overruled; for while the Court had this exception under advisement, plaintiffs obtained leave of Court to amend their petition and prayer and in accordance therewith secured service upon defendant in his capacity of president.

A second exception that the corporation itself and not its president should have been cited and sued is likewise without merit; for if, as alleged by plaintiff, it was the duty of the president to call or convene the meeting, the writ is properly directed to him to compel him to perform that duty, and not to the corporation itself of which nothing is demanded.

The only substantial defense to the action is that the president is without right or power to call the meeting and consequently cannot be compelled by mandamus to do so, the sole authority in this respect being vested in the Board of Directors under a clause of the charter which provides that "the Board of Directors shall have full power to provide for the general or special meetings of the stockholders and of the Board of Directors."

No by-laws nor resolutions of the board have been put in evidence, and we are unable to derive from this customary source a knowledge as to in what degree the board has exercised this "power to provide for the general or special meetings of the stockholders." But be that as it may, it does affirmatively appear from other sources that this power has been exercised by the board at least to the extent of conferring upon the president of the corporation the authority to call such meetings. For the record con-

tains a communication addressed to plaintiffs by the attorney of record of defendant, then acting as the legal adviser of the corporation, wherein, in reply to plaintiff's demand upon defendant, in his capacity as president of the company, to convoke the annual meeting he states: "The meeting, if called, should be called by the president." In the absence of evidence to the contrary, this is at least a **prima facie** showing that the duty devolved upon the defendant—and certain it is that in the face of this declaration, upon which presumably plaintiffs relied in instituting this action, it hardly lies in the mouth of defendant to now deny his authority.

The trial Court ordered that the meeting be held within ten days from the date of its judgment, and as this time has now elapsed an amendment is required.

It is accordingly ordered that the judgment be amended so as to provide that the meeting therein mentioned should be held within ten (10) days from the date when the present judgment shall have become executory, instead of ten days from the date of the judgment of the trial Court, and that as thus amended and in all other respects, said judgment is affirmed at appellant's cost.

Judgment affirmed.

Opnion and decree, June 26th, 1914.

Rehearing refused July 17th, 1914.

Writ granted, October 23rd, 1914 [136 La., 241].